# In the United States Court of Federal Claims

No. 11-608C

(Filed:  September 22, 2011)

_____

|  | |
|---|---|
| NORTHROP GRUMMAN COMPUTING SYSTEMS, INC., | * * * |
| | * |
| Plaintiff, | * * |
| v. | * * |
| THE UNITED STATES, | * * |
| Defendant. | * * |

_____

**ORDER TO SHOW CAUSE WHY CASE SHOULD
NOT BE DISMISSED FOR LACK OF JURISDICTION**

_____

   On June 15, 2011, this court issued an opinion and order dismissing a prior case filed by plaintiff involving a claim under Contract No. SEQP, NAS5-01143 for the lease of Oakley Software Licenses.  On July 8, 2011, the court denied plaintiff's motion for reconsideration.  On August 23, 2011, plaintiff filed a notice of appeal (Fed. Cir. Case No. 2011-5124).  On September 21, 2011, plaintiff filed a new complaint that appears to raise the exact same claims as its earlier suit.  This complaint asserts that, under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601, *et seq.*, Northrop Grumman filed a claim with the contracting officer, which claim was denied by the contracting officer by letter dated September 16, 2011.

   The CDA grants the court jurisdiction over actions brought on claims within twelve months of a contracting officer's final decision.  In *Sharman Co. v. United States*, 2 F.3d 1564, 1568-71 (Fed. Cir. 1993), *overruled on other grounds*, *Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995), the Federal Circuit held that a contract officer lacked the authority to render a final decision on a CDA claim while the same claim was in litigation.  The Federal Circuit held that the final decision issued by the CO during the litigation of that claim in this court was "issued without authority and consequently . . . a nullity."  *Id*. at 1572; *see also Case, Inc. v. United States*, 88 F.3d 1004, 1009-10 (Fed. Cir. 2006); *Universal Shelters of Am., Inc. v. United States*, 87 Fed. Cl. 127, 145-46 (2009); *Renda Marine, Inc. v. United States*, 71 Fed. Cl. 782, 790-91 (2006).

The court is concerned that, based on *Sharman*, it lacks jurisdiction over plaintiff's new complaint. Accordingly, on or before October 17, 2011, plaintiff shall show cause why this case ought not be dismissed for lack of jurisdiction under RCFC 12(b)(1). The court will order defendant to reply to plaintiff's response to this order should it deem such a reply necessary. Otherwise, defendant's response to the subject complaint is stayed until further order.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge