# In the United States Court of Federal Claims

No. 11-608C

(Filed: November 16, 2011)

_____

| | |
|---|---|
| NORTHROP GRUMMAN COMPUTING SYSTEMS, INC.,<br><br>                            Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>                           Defendant. | * * * * * * * * * * * Contract case; Order to show cause why second lawsuit involving same claim should not be dismissed; Contract Disputes Act; *Sharman*; Contracting officer decision rendered on claim that was subject of pending appeal was a nullity; Lack of jurisdiction; Case dismissed. |

_____

**ORDER**
_____

     *David C. Aisenberg*, Looney, Cohen, Reagan & Aisenberg, LLP, Boston, MA, for plaintiff.

     *Armando A. Rodriguez-Feo*, Commercial Litigation, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General *Tony West*, for defendant.

**ALLEGRA, Judge:**

     On September 21, 2011, plaintiff filed a complaint in this case. That complaint asserts the same claim as a complaint that was dismissed by this court for lack of jurisdiction on June 23, 2011. *See Northrop Grumman Computing Sys., Inc. v. United States*, 2011 WL 2508241 (Fed. Cl. June 23, 2011). That dismissal occurred because plaintiff failed to file a proper claim with the contracting officer, as is required, as a precondition to filing suit in this court under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601, *et seq.* On July 20, 2011, plaintiff submitted a new CDA claim to the contracting officer. On August 23, 2011, plaintiff appealed this court's dismissal order. On September 16, 2011, the contracting officer purported to deny plaintiff's claim. Five days later, plaintiff filed the instant suit.

     On September 22, 2011, this court issued an order to show cause why this case should not be dismissed for lack of jurisdiction. That order explained –

>The CDA grants the court jurisdiction over actions brought on claims within twelve months of a contracting officer's final decision. In *Sharman Co. v. United States*, 2 F.3d 1564, 1568-71 (Fed. Cir. 1993), *overruled on other grounds*, *Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995), the Federal Circuit held that a contract officer lacked the authority to render a final decision on a CDA claim while the same claim was in litigation. The Federal Circuit held that the final decision issued by the [contracting officer] during the litigation of that claim in this court was "issued without authority and consequently . . . a nullity." *Id*. at 1572; *see also Case, Inc. v. United States*, 88 F.3d 1004, 1009-10 (Fed. Cir. 1996); *Universal Shelters of Am., Inc. v. United States*, 87 Fed. Cl. 127, 145-46 (2009); *Renda Marine, Inc. v. United States*, 71 Fed. Cl. 782, 790-91 (2006).

On October 17, 2011, plaintiff filed its response to the show cause order, asserting that *Sharman* is inapposite here. As will be seen, however, plaintiff is wrong – and decidedly so.

This court has "jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under . . . [the Contract Disputes Act of 1978 (CDA) ] . . . on which a decision of the contracting officer has been issued under . . . that Act." 28 U.S.C. § 1491(a)(2); *see also Applied Cos. v. United States*, 144 F.3d 1470, 1477 (Fed. Cir. 1998); *North Star Alaska Housing Corp. v. United States*, 76 Fed. Cl. 158, 183 (2007). In this framework, the "strict limits" of the CDA constitute "jurisdictional prerequisites to any appeal." *England v. The Swanson Group, Inc.*, 353 F.3d 1375, 1379 (Fed. Cir. 2004) (citing S*harman Co.*, 2 F.3d at 1569 n. 6). Hence, jurisdiction is lacking "unless the contractor's claim is first presented to the contracting officer and that officer renders [or is deemed to render] a final decision on the claim." *England*, 353 F.3d at 1379; *see also D.L. Braughler Co., Inc. v. West*, 127 F.3d 1476, 1480 (Fed. Cir. 1997); *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1541-42 (Fed. Cir. 1996); *Bath Iron Works Corp. v. United States*, 20 F.3d 1567, 1578-79 (Fed. Cir. 1994).

Jurisdiction is assessed based on the circumstances existing at the time the complaint was filed. *Sharman*, 2 F.3d at 1569; *see also Mullan v. Torrance*, 22 U.S. 537, 539 (1824) ("[T]he jurisdiction of the Court depends upon the state of things at the time of the action brought[.]"). Here, plaintiff did not have a valid final decision on its second claim at the time that it filed its second lawsuit.

This conclusion is dictated by *Sharman*. There, the Federal Circuit held that a "final decision" regarding progress payments issued by a contracting officer after a complaint presenting that claim had been filed in this court was a nullity and could not supply the court with jurisdiction under the CDA to consider a government counterclaim. 2 F.3d at 1567-68. The Federal Circuit's analysis started from the premise that "[o]nce a claim is in litigation, the Department of Justice gains exclusive authority to act in the pending litigation[,] . . . [a]nd that exclusive authority divests the contracting officer of his authority to issue a final decision on the claim." *Id*. at 1571. The *Sharman* court based this rule on its reading of 28 U.S. C. §§ 516 and 519, noting that under the former provision the Justice Department controls "the conduct of litigation in which the United States is a party," while under the latter provision, the Attorney

General supervises all such litigation. 2 F.3d at 1571; *see also Case, Inc.*, 88 F.3d at 1009.[1] Viewing the government's counterclaim for unliquidated progress payments as "effectively the same claim" as Sharman's claim for uncompensated performance costs, the court reasoned that "[b]ecause the progress payment claim was the subject of litigation at the outset, the contracting officer had no authority to issue a final decision on the claim after the complaint was filed." *Sharman*, 2 F.3d at 1572. "Therefore," the Federal Circuit concluded, "the October 1990 final decision letter was issued without authority and consequently is a nullity." *Id*.

Plaintiff asserts that *Sharman* is distinguishable, claiming that the contracting officer here was revested with the authority to decide its claim upon this court's dismissal of its first lawsuit. But, there is little doubt that, at the time the contracting officer rendered his purported decision on the second claim, the first claim was still in "litigation" within the meaning of 28 U.S.C. § 516. To be sure, in *Hughes Aircraft Co. v. United States,* 534 F.2d 889, 901 (Ct. Cl. 1976), this court's predecessor stated that because section 516 was "so broadly inclusive," it "must be narrowly construed." *See also Fed. Deposit Ins. Corp. v. Irwin*, 727 F. Supp. 1073, 1074 (N.D. Tex. 1989), *aff'd*, 916 F.2d 1051 (5th Cir. 1990). But, even a narrow construction of the term "litigation" must include, within its scope, a matter on appeal. The common understanding of the term "litigation" requires as much. *See*, *e.g.*, Black's Law Dictionary 952 (8th ed. 1999) (defining litigation as a "[l]egal action, including all proceedings therein").[2] Treating appeals as

---

[1] Section 516 of title 28 provides:

> Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.

28 U.S.C. § 516. Section 519 of the same title provides that:

> Except as otherwise authorized by law, the Attorney General shall supervise all litigation to which the United States, an agency, or officer thereof is a party, and shall direct all United States attorneys, assistant United States attorneys, and special attorneys appointed under section 543 of this title in the discharge of their respective duties.

28 U.S.C. § 519. These statutory provisions are the legislative descendants of section 5 of Executive Order 6166 (June 10, 1933) (reprinted at 5 U.S.C.A. § 901), which stated that "[a]s to any case referred to the Department of Justice for . . . defense in the courts, the function of decision whether and in what manner . . . to defend, or to compromise, . . . or to abandon . . . defense, now exercised by an agency or officer, is transferred to the Department of Justice." *See Computervision Corp. v. United States*, 445 F.3d 1355, 1372 (Fed. Cir. 2006).

[2] *See also Chicago Council of Lawyer's v. Bauer*, 522 F.2d 242, 258 (7th Cir. 1975) ("the use of the general term 'litigation' implies that attorneys' comments [on pending criminal litigation] are also proscribed while a case is on appeal"); *Ek v. Boggs*, 75 P.3d 1180, 1186-87 (Haw. 2003) (noting that the term "litigation," as used in various statutes, has been construed to

"litigation," moreover, serves to give effect to the purpose underlying sections 516 and 519 of Title 28 – the provisions relied upon by the Federal Circuit in *Sharman*, 2 F.3d at 1571. Those provisions, of course, are designed to give "the Attorney General . . . [the] exclusive and plenary power to supervise and conduct all litigation to which the U.S is a party." *Hughes Aircraft*, 534 F.2d at 901; *see also Sharman*, 2 F.3d at 1571. Certainly, if this mandate is to mean anything, it must extend to matters on appeal. Indeed, any notion that a contracting officer may resolve a claim while that claim is the subject of an appeal rams headlong into 28 U.S.C. § 518, which authorizes only the Attorney General, the Solicitor General, or their designees to "conduct and argue suits and appeals "in the United States Court of Federal Claims or in the United States Court of Appeals for the Federal Circuit . . . . in which the United States is interested." Not surprisingly, there is no indication that this authority was delegated by the Attorney General to the contracting officer in question. *See*, *e.g.*, 28 C.F.R. § 0.20.[3]

*Sharman* undoubtedly remains good law in this circuit. *See, e.g.*, *Renda Marine*, 509 F.3d at 1379-80; *Case*, 88 F.3d at 1009-10; *see also Bath Iron Works Corp.*, 20 F.3d at 1579; *Roxco, Ltd. v. United States*, 77 Fed. Cl. 138, 149 (2007). This court must follow this binding precedent and so too must plaintiff. Under this precedent, this court plainly lacks jurisdiction over plaintiff's second complaint.[4]

Based on the foregoing, plaintiff's complaint is hereby **DISMISSED,** without prejudice.

**IT IS SO ORDERED**.

                                           s/ Francis M. Allegra
                                           Francis M. Allegra
                                           Judge

---

include appeals); *McColm v. Westwood Park Ass'n*, 73 Cal. Rptr. 2d 288, 292 (Cal. Ct. App. 1998) (construing the term "manifestly" to "include any appeal"); *Flores v. Fourth Court of Appeals*, 777 S.W. 2d 38, 39 n.2 (Tex. 1989) (citing the Black's Law Dictionary definition).

[3] In *United States v. Providence Journal Co.*, 485 U.S. 693, 705 (1988), the Supreme Court relied upon section 518 to dismiss a petition for certiorari filed on behalf of a government entity that had not been authorized by the Solicitor General, noting in this regard that there is but "one government."

[4] It seems apt for the court to repeat what it said in denying plaintiff's motion seeking reconsideration of this court's dismissal of its first complaint:

> Of course, plaintiff could have avoided creating "new law" on this point by simply dismissing its case without prejudice and filing a new claim with the contracting officer that cured the prior claim's deficiencies. The court invited plaintiff to do so, but, for reasons that still are not apparent, plaintiff chose to litigate the matter instead – and lost.

*Northrop Grumman Computing Sys., Inc. v. United States*, No. 07-613 (July 1, 2011).